IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,       )
                                )
            Plaintiff,           )
                                )
vs.                             )       Case No. 13-CR-10 JED
                                )
CHRISTOPHER WHITE,              )
                                )
            Defendant.          )

## OPINION AND ORDER

The Court has for its consideration defendant Christopher White's "Amended Opposed Motion for Continuance" (Doc. 30).[1]  Defendant requests an extension of all remaining deadlines in the scheduling order (Doc. 18), including the jury trial set on April 15, 2013, by 60 days.  The government opposes defendant's motion.  The Court also has for its consideration defendant's "Motion for Leave to File Motion to Suppress and Request for Hearing out of Time" (Doc. 31), which is self-explanatory.  The government's position on this motion has not been stated.

**Request for Continuance**

Defendant's request for a continuance falls under § 3162(h)(7) of the Speedy Trial Act. Section 3163(h)(7) permits the Court to exclude any period of delay resulting from a continuance if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  A court must orally or in writing set forth its reasons for granting an ends-of-justice continuance and make findings that a continuance is in the best interest of the defendant and the public.  *Id*.  The statute permits a court to consider whether "the failure to

_____

[1]   Defendant's amended motion was filed to correct errors found in his original "Opposed Motion for Continuance" (Doc. 28) and thus the Court will consider only the amended motion.

grant such a continuance . . . would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." *Id*. at § 3161(h)(7)(B)(iv).  The Tenth Circuit has been clear that an ends-of-justice continuance should not be granted "cavalierly" and such a continuance was intended to be a "rarely used tool." *United States v. Williams*, 511 F.3d 1044, 1048-49 (10th Cir. 2007).

In *United States v. Toombs*, 574 F.3d 1262 (10th Cir.2009), the Tenth Circuit clarified the limited the circumstances under which an ends-of-justice continuance can be granted and reaffirmed that it should be a sparingly used procedural tool.   Parties must provide the district court a sufficient record to determine why the facts stated in a motion for continuance "result[ ] in the need for additional time." *Id*. at 1271.  This requires the parties to provide extensive and specific information about the need for a continuance, and the district court may need to hold a hearing before granting an ends of justice continuance. *Id*. at 1272-73.  A district court must also give significant weight to the public's interest in a speedy trial, and the public's interest is generally served by strict adherence to the requirements of the Speedy Trial Act. *Id*. at 1273.  Of particular note, in *United States v. Larson*, 627 F.3d 1198, 1207 (10th Cir. 2010), the Tenth Circuit held that conclusory statements regarding defense counsel's needs in preparation for other criminal trials do not provide an adequate basis to grant an ends-of-justice continuance.

Defendant advances several reasons for a continuance.  First, defendant states that his counsel did not receive the bulk of discovery until February 26, 2013.  Second, the motion states that the defendant's trial involves serious charges that are complicated by conspiracy evidence and that the defendant faces a potential life sentence.  The defendant further states that "there are potential witnesses for the defense that may require location and interview, as well as potential

trial preparation." (Doc. 30, at 3).  Finally, counsel states that she has trials scheduled on April 16, April 29, May 13, and May 20, 2013.[2]

The Court finds that an ends-of-justice continuance is not appropriate under the circumstances.  The stringent requirements set by the Tenth Circuit for such a continuance have not been met based upon the defendant's stated need for a continuance.  The Court is cognizant of the fact that the defendant faces serious charges and a potentially lengthy sentence.  However, this case is not an overly complex one and the unique rules regarding conspiracy evidence do not justify such a delay.  The government states that it intends to call as few as five (5) witnesses. (Doc. 29, at 1).  Defense counsel also fails to state how her receipt of the February 26, 2013 discovery materials impaired her ability to prepare for the current trial setting, and there is no assertion that the discovery is voluminous.  Indeed, counsel states that she was able to fully review the discovery when it was received on February 26 and meet with the defendant to discuss the materials on February 27.  (Doc. 30, at 2).  Further, defendant's reference to potential additional witnesses is unsupported by any specific facts.  Finally, counsel's statements regarding other trials scheduled in April and May do not, under the limited facts provided, justify a 60-day delay in this case, as counsel provided no explanation as to what her preparation needs for those trials are.  *See Larson*, 627 F.3d at 1207.  Accordingly, an ends-of-justice continuance is not warranted in this case, as the public's interest in a speedy trial outweighs the alleged need for an additional 60 days of trial preparation.

It does however appear that the current schedule should be adjusted.  The April 16, 2013 trial for which defendant's counsel is obligated does present an unavoidable conflict with the

---

[2]  Subsequent to the filing of the motion for continuance, defendant's counsel informed the Court that her trial set to commence in Rogers County, Oklahoma on April 29, 2013 has been rescheduled.

current April 15 trial setting in this case.  This conflict can be resolved without resort to an ends-of-justice continuance.  As defendant notes in the motion for continuance, the pendency of the government's motion for detention (Doc. 13) is excludable under § 3161(h)(1)(D) of the Speedy Trial Act.  *See, e.g., United States v. Wirsing*, 867 F.2d 1227, 1230 (9th Cir. 1989) (holding that a motion dealing with detention was excludable and citing other Circuit decisions in accord).  Thus, the period from February 12, 2013 (the date of filing) to February 21, 2013 (the date of the detention hearing) is excludable.  Defendant was arraigned on February 12, 2013, which would have otherwise started the 70-day Speedy Trial clock.  Given the pendency of the motion for detention, the clock began to run on February 22, 2013.  Seventy days from February 22, 2013 is May 3, 2013.  Accordingly, the Court finds that defendant's trial can be rescheduled for April 30, 2013, to accommodate counsel's other trial obligation without running afoul of the Speedy Trial Act.

**Motion to File out of Time**

The defendant seeks leave to file his motion to suppress and request for hearing out of time.  The deadline for the filing of pretrial motions was March 7, 2013.  This deadline, which was originally set for February 26, 2013 in the Court's scheduling order, was extended to March 7 at the defendant's request.  Defendant's counsel states that she erroneously docketed the deadline for March 8, 2013.  The Court finds that it is in the best interests of the defendant to permit the filing of the motion to suppress out of time and that the government will not be prejudiced as a result.  Hence, defendant shall file his motion to suppress no later than March 15, 2013.  The government shall file its response no later than March 22, 2013.  To accommodate a hearing on the motion, the pretrial conference is hereby rescheduled for April 11, 2013 at 1:30 p.m., at which time the motion will be heard.

4

5

**IT IS THEREFORE ORDERED** that defendant's amended opposed motion for continuance (Doc. 30) is **denied**.  However, the remaining dates in the scheduling order are amended as follows to accommodate defendant's counsel's scheduling conflict:

PT/CP/Motions Hearing:                          April 11, 2013 at 1:30 p.m.

Voir dire, jury instructions, and trial briefs due:  April 16, 2013

Jury Trial:                                     April 30, 2013 at 9:30 a.m.

**IT IS FURTHER ORDERED** that defendant's motion for leave to file motion to suppress and request for hearing out of time (Doc. 31) is **granted**.  Defendant shall file his motion to suppress no later than March 15, 2013.  The government's response is due on or before March 22, 2013.

**IT IS SO ORDERED** this 13th Day of March, 2013.

_____

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE