**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff**, ) | |
| ) | |
| vs. ) | Case No. 13-CR-10 JED |
| ) | |
| **CHRISTOPHER WHITE,** ) | |
| ) | |
| **Defendant**. ) | |

**OPINION AND ORDER**

Now before the Court is defendant Christopher White's *pro se* Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (the "Motion") (Doc. 66). Section 2255 provides that "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." For the reasons set forth below the motion is denied.

**I.**

On January 11, 2013, Christopher White was charged with conspiracy to commit robberies in violation of 18 U.S.C. § 1951 ("Count 1"), two counts of robbery in violation of 18 U.S.C. § 1951 and 18 U.S.C. § 2(a) ("Count 2" and "Count 4"), and two counts of knowingly possessing and brandishing a firearm in furtherance of a violent crime, specifically robbery, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) ("Count 3" and "Count 5").

On April 23, 2013, White entered voluntary pleas of guilty to Count 2 and Count 3. In other words, White plead guilty to one count of robbery and one count of possession of and

brandishing a firearm in furtherance of a crime of violence.  In exchange the remaining counts were dismissed.  White now contests his conviction with respect to Count 3 only.

Regarding Count 3, White's Plea Agreement provided the following:

> The elements that the United States must prove beyond a reasonable doubt in order to convict under . . . 18 U.S.C. § 924(c)(1)(A)(ii) are as follows:
> . . .
> b.  **Count 3: 18 U.S.C. § 924(c)(1)(A)(ii) – Possession of and Brandishing Firearm in Furtherance of a Crime of Violence**
>
> 1. The defendant knowingly possessed and brandished a firearm vicariously pursuant to *Pinkerton v. United States*, 28 § U.S. 640 (1946) liability;
> 2. In the furtherance of a crime of violence; and
> 3. For which he may be prosecuted in a court of the United States.
>
> In regard to the factual basis required by Federal Rule of Criminal Procedure 11(b)(3), the defendant agrees and stipulates that there is a factual basis for the plea of guilty and relieves the United States of any further obligation to adduce such evidence.

(Doc. 52 at 7).  White's signed statement of the facts, in its entirety, read as follows:

> I, **CHRISTOPHER WHITE**, admit that on or about August 16/17, 2012, I, together with two others[,] willfully committed an armed robbery, in the Northern District of Oklahoma, at the Kum and Go located at 14495 E. 51st Street, Tulsa, Oklahoma.  I stipulate that the Kum and Go stores conducted business in interstate commerce, and said robbery obstructed, delayed and affected interstate commerce.  *A .38 pistol was used, possessed and brandished by one of the others* to commit the robbery and to restrain the employee's movement in the robbery and that the employee suffered bodily injury by being struck in the head with the pistol.  I admit that money was taken from the presence of said employee against his will by threatened force, violence and fear of injury.

(*Id.* at 8 (emphasis added)).

On November 7, 2013, the Court sentenced White to 37 months in prison as to Count 2 and 84 months as to Count 3.  Under 18 U.S.C. § 924(c)(1), the sentence for Count 3 ran consecutively to any sentence imposed in Count 2, and White's total sentence was 121 months.

As part of his Plea Agreement, White waived his right to directly appeal his sentence or conviction (Doc. 52 at 3), and as a result has foregone a direct appeal and instead filed his

Section 2255 motion with this Court (*see* Doc. 66).  In the same agreement, White also waived "his right to collaterally attack the conviction and sentence pursuant to 28 U.S.C. § 2255, except for claims based on ineffective assistance of counsel which challenge the validity of the guilty plea or this waiver."  (Doc. 52 at 3).

White's Motion is timely as he filed it within the one-year statute of limitations provided by Section 2255.  Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts requires a judge who receives a Section 2255 motion "to promptly examine it.  If it plainly appears from the motion [and accompanying papers and record] . . . that the moving party is not entitled to relief, the judge must dismiss the motion."  Rules Governing Section 2255, Rule 4.  The judge need not direct the United States attorney to file a response unless the motion is not dismissed.  *Id.*  As White is plainly not entitled to relief, the Court has not requested a response from the Government, and the Government has not filed one.

White requests that the Court vacate, set side, or correct his sentence with respect to Count 3 only, arguing that (1) the Indictment did not charge him with crime for which he was convicted, (2) the facts did not support his conviction, and (3) he received ineffective assistance of counsel.

## II.

Other than his claim of ineffective assistance of counsel, White has waived his right to assert the claims he puts forward in his Motion.  Nonetheless, out of an abundance of caution and because the first two claims underlie his ineffective assistance claim, the Court will address each argument in turn.  White does not dispute that he participated in the robbery charged in Count 2, or that his accomplice possessed and brandished a firearm in furtherance of the robbery.  White does claim that he "had **NO** knowledge that co-defendant actually had a firearm and did not

3

really learn this knowledge until told so by counsel, therefore Petitioner did not have advance knowledge of a firearm's presence." (Doc. 66 at 16).

At bottom, all three of White's claims depend on his assertion that he did not personally possess or brandish a firearm in furtherance of his crime. White notes that Count 2 of the Indictment charged him with 18 U.S.C. § 1951 *and* 18 U.S.C. § 2(a), while Count 3 charged him with 18 U.S.C. § 924(c)(1)(A)(ii) only. (Doc. 66 at 14-15). Section 2(a) provides that a defendant who "commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal." White reasons that because the Government, in Count 3, did not charge him under Section 2(a), it could not convict him of possessing and brandishing a firearm unless he personally did so. Because one of his accomplices was the only person to possess and brandish a gun during the robbery, the reasoning goes, the Government impermissibly convicted White, by way of his plea, in one of two ways: Either the Government convicted him of a crime he did not commit—possessing and brandishing a firearm in furtherance of a crime—or of a crime with which he was not charged—*aiding and abetting* the possession and brandishing of a firearm in furtherance of a crime.

As an initial matter, the Government, having charged a defendant with a substantive offense, need not also charge the defendant with aiding and abetting in order to obtain a conviction under 18 U.S.C. § 2(a). The aiding-and-abetting statute applies implicitly to all Federal offenses. *United States v. Ellis*, 525 F.3d 960, 963 (10th Cir. 2008) (citations and quotations omitted). Even though the defendant is charged with commission of the substantive offense only, proof that he only aided or abetted the commission of the crime will suffice to support a conviction. *Id.* The indictment merely must contain the elements of the offense

charged. *Id.* White's claim that the Indictment did not charge him with the crime for which he was convicted can be dismissed on these grounds alone.

In any event, White's focus on Section 2(a) is misplaced. As the Plea Agreement made clear, the Government planned to seek to convict White of Count 3 at trial not on the theory that he aided and abetted his gun-wielding accomplice but under a theory of *Pinkerton* co-conspirator liability. (Doc. 52 at 7); *see Pinkerton v. United States*, 328 U.S. 640 (1946). As the Government put it, White "knowingly possessed and brandished a firearm *vicariously* pursuant to *Pinkerton*." (*Id.* (emphasis added)). Aiding and abetting and *Pinkerton* co-conspirator liability are alternative theories by which the Government may prove joint criminal liability for a substantive offense. *United States v. Bowen*, 527 F.3d 1065, 1077-78 (10th Cir. 2008) (citing *United States v. Zackery*, 494 F.3d 644, 649 (8th Cir.2007). "That the standards of proof [for each theory] are different is irrelevant. Thus, it is well settled that, even in the absence of evidence supporting an aiding and abetting conviction, persons indicted as aiders and abettors may be convicted pursuant to a *Pinkerton* instruction." *United States v. Zackery*, 494 F.3d 644, 648-49 (8th Cir. 2007) (citations and quotations omitted).

Under *Pinkerton*, a member of a conspiracy—here, the conspiracy to commit robberies as charged in Count 1[1]—is legally responsible for the crimes his fellow conspirators commit in furtherance of the conspiracy. *United States v. Randall*, 661 F.3d 1291, 1294 (10th Cir. 2011) (citations omitted). In order to be held liable for the crimes of his co-conspirator, a defendant

---

[1] Although the Government separately charged the conspiracy itself, an indictment need not plead the Government's theory of liability, regardless of whether that theory is based on aiding and abetting, as discussed above, or *Pinkerton*. *United States v. Rosalez*, 711 F.3d 1194, 1210 (10th Cir.) (compiling cases), *cert. denied*, 134 S. Ct. 336 (2013); *but see United States v. Nakai*, 413 F.3d 1019, 1023 (9th Cir. 2005) ("It is error to use a *Pinkerton* instruction in a case in which the indictment does not allege a conspiracy.").

need not have agreed to or even have been aware of the crimes in question; they only need be reasonably foreseeable in light of the conspiracy. *United States v. Lake*, 472 F.3d 1247, 1265 (10th Cir. 2007) (citations omitted). Thus, while for purposes of aiding and abetting liability it would matter whether White had advance knowledge that his accomplice would possess and brandish a firearm in furtherance of their crime, *see Rosemond v. United States*, 134 S. Ct. 1240, 1249 (2014), for *Pinkerton* purposes it does not. The only question under *Pinkerton* is whether it was reasonably foreseeable that White's accomplice would bring a firearm to the planned robbery, and once there brandish it in furtherance of the crime.

In other words, at trial the Government would have been required to prove that the accomplice's possession and brandishing of a firearm in furtherance of his conspiracy with White was reasonably foreseeable. *See, e.g.*, *United States v. Davis*, 1 F.3d 1014, 1017 (10th Cir. 1993) ("A reasonable jury could also have concluded that [co-conspirator's] possession of a loaded handgun in connection with his heroin sales was a foreseeable consequence of the agreement."). Through his Plea Agreement, however, White relieved the Government of that burden. (Doc. 52 at 7). For this same reason, White's claim that "there was insufficient evidence to support his conviction for possession of a firearm in furtherance of a crime of violence" is without merit. White agreed that the Government did not need to adduce any evidence whatsoever. (*Id.*). Further, in his statement of the facts in his Plea Agreement, White provided an adequate factual basis to support his conviction. (*See* Doc. 52 at 8).

## III.

White makes two claims of ineffective assistance of counsel. First, White argues that the Court sentenced him as if he had been charged under 18 U.S.C. § 2(a), although he had not, which resulted in "an unjust sentence rendered against this petitioner and counsel was ineffective

because [s]he allowed it to happen." (Doc. 66 at 15, 18). Second, White argues that while Count 3 of the Indictment did not charge White under the aiding and abetting statute the Court nevertheless sentenced him under that statute. In other words, White alleges that he plead to one statute and was sentenced under another.

To establish a claim of ineffective assistance of counsel, a defendant must show that his counsel's performance was deficient and that the deficient performance was prejudicial. *Strickland v. Washington,* 466 U.S. 668, 687 (1984); *Smith v. Robbins*, 528 U.S. 259, 285 (2000) (the *Strickland* test applies to appellate as well as trial counsel). A defendant can establish the first prong by "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. "When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. To establish the second prong, a defendant must show prejudice resulting from counsel's performance. *Strickland,* 466 U.S. at 687. That is, the "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

White's first claim of ineffective assistance is predicated on his claim that he could not have been convicted under Count 3 as he was not charged with aiding and abetting his co-conspirator. As explained above, the aiding-and-abetting statute applies implicitly to all Federal offenses, and in any event the Government would have sought to convict White under the *Pinkerton* theory of liability, and thus White was accurately charged and permissibly sentenced.

7

White's second claim would have merit if it were true—it would no doubt be problematic if the Court inadvertently sentenced White according to a statute under which he was not convicted. However, this did not happen. With respect to Count 3, the Court sentenced White under 18 U.S.C. § 924(c)(1)(A)(ii)—the statute defining the crime to which White entered a plea of guilty. (Doc. 63). Indeed, the Court could not have sentenced White under Section 2: "Aiding and abetting is not an independent crime under 18 U.S.C. § 2; the statute provides no penalty, but merely abolishes the common-law distinction between principal and accessory." *United States v. Edwards*, No. 14-7028, 2015 WL 1296624, at *7 (10th Cir. Mar. 24, 2015) (citing *United States v. Cook*, 745 F.2d 1311, 1315 (10th Cir.1984)).

Accordingly, the Court finds that counsel's performance was neither deficient nor prejudicial under *Strickland*.

**IV.**

In brief, defendant White's claims are without merit and his plea without defect. Because the Court finds that White was completely and accurately charged and that a reasonable jury permissibly could have convicted him under the theory of accomplice liability advanced by the prosecution, it necessarily follows that the representation provided by White's counsel did not fall below an objective standard of reasonableness.

**IT IS THEREFORE ORDERED** that defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 66) is **denied**. A separate judgment is entered herewith.

**SO ORDERED** this 21st day of April, 2015.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE