# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No.　13-CR-10-JED | |
| | ) | (Related: 18-CV-195-JED-JFJ) | |
| CHRISTOPHER WHITE, | ) | | |
| | ) | | |
| Defendant. | ) | | |

## OPINION AND ORDER

For the Court's consideration is Defendant Christopher White's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 83). For the reasons set forth below, the Court determines that this motion should be dismissed for lack of jurisdiction.

On January 11, 2013, White was charged by way of indictment with one count of conspiracy to commit Hobbs Act robberies, in violation of 18 U.S.C. § 1951; two counts of Hobbs Act robbery, in violation of 18 U.S.C. § 1951; and two counts of knowingly possessing and brandishing a firearm in furtherance of a violent crime, specifically robbery, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). (Doc. 6). On April 23, 2013, White entered voluntary pleas of guilty to one count of Hobbs Act robbery and one count of possessing and brandishing a firearm in furtherance of a crime of violence. (Doc. 49). The remaining counts were ultimately dismissed. (Doc. 63). On November 7, 2013, the Court sentenced White to a total term of imprisonment of 121 months. (*Id.*).

White did not directly appeal his sentence, having waived his right to do so in his plea agreement. (*See* Doc. 52 at 3-4). Instead, on October 3, 2014, White filed a *pro se* motion under

28 U.S.C. § 2255 to vacate, set aside, or correct his sentence (Doc. 66). In this motion, White argued that (1) the indictment did not charge him with a crime for which he was convicted, (2) the facts did not support his conviction, and (3) he received ineffective assistance of counsel. This Court held that these claims were timely but without merit and denied his § 2255 motion on April 21, 2015. (Doc. 69). White then filed a Notice of Appeal on May 11, 2015, but his appeal was ultimately dismissed by the Tenth Circuit for failure to prosecute. (Doc. 79).

White filed the present § 2255 motion on April 6, 2018. In this motion and a subsequent Motion to Take Judicial Notice (Doc. 86), White argues that the Tenth Circuit decision in *United States v. O'Connor*, 874 F.3d 1147 (10th Cir. 2017), and the U.S. Supreme Court decision in *Sessions v. Dimaya*, 138 S.Ct. 1204 (2018), both require that his conviction under § 924(c)(1)(A)(ii) be vacated. The foundation of his argument is that Hobbs Act robbery cannot serve as the predicate offense of a § 924(c) conviction, as it did in his case.

Before reaching the merits, the Court must first determine if it has subject matter jurisdiction over White's claim. Pursuant to § 2255, a second or successive motion under that section must first be certified by a panel of the appropriate court of appeals to contain either:

> (1) newly discovered evidence that, if provide and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court that was previously unavailable.

28 U.S.C. § 2255(h). Without this certification, "the district court lacks subject matter jurisdiction to decide the merits of such a motion and grant a COA." *United States v. Wetzel-Sanders*, 805 F.3d 1266, 1269 (10th Cir. 2015). Because White has previously filed a § 2255 motion (Doc. 66) that was denied, and he has not obtained authorization from the Tenth Circuit to file a second or

successive § 2255 motion, the undersigned does not have jurisdiction to rule on the merits of White's present § 2255 claim.

When a second or successive § 2255 claim is filed in the district court without the required authorization from the appropriate circuit court, the district court may transfer the matter "if it determines it is in the interest of justice to do so under [28 U.S.C.] § 1631, or it may dismiss the motion or petition for lack of jurisdiction." *In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008). "Factors considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction." *Id*. at 1251 (citing *Trujillo v. Williams*, 465 F.3d 1210, 1223 n.16 (10th Cir. 2006)). "Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter to this court for authorization." *Id*. at 1252. In this case, the Court finds no risk that a meritorious successive claim will be lost if the claim is dismissed, as opposed to transferred, because White's claim is unlikely to have merit.

As mentioned above, White is challenging his sentence as to 18 U.S.C. § 924(c)(1)(A)(ii). Section 924(c)(1)(A) provides a mandatory minimum sentence for "any person who, during and in relation to any crime of violence or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any

such crime, possesses a firearm."[1]  The definition of "crime of violence" provided in § 924(c) is as follows:

> [A]n offense that is a felony and—
>
>> (A) has an element the use, attempted use, or threated use of physical force against the person or property of another ["the elements clause"], or
>>
>> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense ["the residual clause"].

18 U.S.C. § 924(c)(3).  In *Sessions v. Dimaya*, the Supreme Court held that the identically-worded residual clause of the "crime of violence" definition codified at 18 U.S.C. § 16(b) is unconstitutionally vague.  13 S. Ct. at 1216.  In fact, the Tenth Circuit, relying on *Dimaya*, has determined that § 924(c)(3)(B) is also unconstitutionally vague.  *United States v. Salas*, 889 F.3d 681, 686 (10th Cir. 2018).

Nonetheless, these holdings do not affect the validity of White's § 924(c) conviction.  Since White filed his second § 2255 motion, the Tenth Circuit has held that Hobbs Act robbery qualifies as a crime of violence under the elements clause, § 924(c)(3)(A).  *See United States v. Melgar-Cabrera*, 892 F.3d 1053 (10th Cir. 2018).[2]  Given the Circuit's holding in *Melgar-Cabrera*, it is clear that White's second § 2255 motion is unlikely to have merit and should be dismissed.

---

[1] The mandatory minimum sentence increases from five to seven years if the weapon is brandished. 18 U.S.C. § 924(c)(1)(A)(ii).

[2] In *O'Connor*, the main case cited by White in his motion, the Tenth Circuit held that Hobbs Act robbery was not a "crime of violence" for purposes of § 4B1.2(a)(1) of the United States Sentencing Guidelines.  874 F.3d 1147.  However, the *O'Connor* opinion specifically noted that there was "nothing incongruous about holding that Hobbs Act robbery is a crime of violence for purposes of 18 U.S.C. § 924(c)(3)(A), which includes force against a person *or* property, but not for purposes of U.S.S.G. § 4B1.2(a)(1), which is limited to force against a person."  *Id*. at 1158. (emphasis in original).

IT IS THEREFORE ORDERED that Defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 83) is **dismissed**. White's Motion to Take Judicial Notice (Doc. 86) is **denied**.

SO ORDERED this 9th day of August, 2018.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE