UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. NO. 13-CR-10-JED |
| ) | (RELATED: 19-CV-529) |
| ) | |
| CHRISTOPHER WHITE, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

The Court has for its consideration Defendant Christopher White's motion (Doc. 92), which seeks relief from his sentence under 28 U.S.C. § 2255. For the reasons set forth below, the Court determines that this motion should be dismissed for lack of jurisdiction.

Mr. White pleaded guilty to one count of Hobbs Act robbery in violation of 18 U.S.C. § 1951 and one count of possessing and brandishing a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii). (Doc. 49). The Court then sentenced Mr. White to 121 months imprisonment.

This is Mr. White's third motion for relief under § 2255. (*See* Docs. 66, 83). The Court denied his first motion on the merits. (Doc. 69). The Court denied his second motion for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 2255(h), which provides that a second or successive motion under § 2255 cannot be considered unless the appropriate court of appeals has first certified that the motion asserts either

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court that was previously unavailable.

(*See* Doc. 87 at 2, citing 28 U.S.C. § 2255(h)). Absent such a certification, a district court lacks subject matter jurisdiction to consider the motion's merits. *United States v. Wetzel-Sanders*, 805 F.3d 1266, 1269 (10th Cir. 2015).

Here, as was the case with his second motion, Mr. White seeks relief under § 2255 without first obtaining authorization from the Tenth Circuit as required under § 2255(h). Consequently, the Court has no jurisdiction to rule on the merits of his present claim.

Although district courts may, under certain circumstances, transfer a § 2255 claim to the court of appeals, the Court declines to do so here because Mr. White's claim is unlikely to have merit. *See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008). As in his second motion for relief under § 2255, Mr. White challenges the sentence he received for his conviction under 18 U.S.C. § 924(c)(1)(A)(ii). Section 924(c)(1)(A) provides a mandatory-minimum sentence of five years for anyone who "during and in relation to any crime of violence . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm." The minimum increases to seven years if the firearm is "brandished." § 924(c)(1)(A)(ii). The statute defines "crime of violence" as

> an offense that is a felony and—
>
> > (A) has as an element the use, attempted use, or threated use of physical force against the person or property of another ["the elements clause"], or
> >
> > (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense ["the residual clause"].

18 U.S.C. § 924(c)(3). Mr. White appears to argue that his sentence should be thrown out because the United States Supreme Court has determined that the residual clause is unconstitutionally vague. *See United States v. Davis*, 139 S. Ct. 2319 (2019). *Davis*, however, does nothing to undermine the viability of Court's sentence under § 924(c)(1)(A).

As the Court explained in its prior order, it does not matter if the residual clause has been held unconstitutional because the elements clause remains in full force. In other words, if an offense qualifies as a crime of violence under the elements clause, § 924(c)(1)(A) still applies. Since the Tenth Circuit has held that Hobbs Act robbery *does* qualify as a crime of violence under the elements clause, *see United States v. Melgar-Cabrera*, 892 F.3d 1053 (10th Cir. 2018), and Mr. White pleaded guilty to brandishing a firearm during the commission of Hobbs Act robbery, his sentence under § 924(c)(1)(A) was appropriate.

IT IS THEREFORE ORDERED that Defendant's Motion under 28 U.S.C. § 2255 (Doc. 92) is **dismissed.**

SO ORDERED this 30th day of December, 2020.

JOHN E. DOWDELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT